VOROS, Judge
(concurrmg in part and concurring in the result in part):
{40 I concur in the majority - opinion except as to Part II, in which I concur only in the result In my opinion, the trial court's supplemental instruction violated the principles adopted by our supreme court in State v. Couch, 635 P.2d 89 (Utah 1981).
{41 Directing a jury back to a correct elements instruction is almost always a prudent course. But here, the jury's note suggested the possibility that at least one juror was contemplating voting to convict on a legal theory that all now agree would constitute an error of law. In such a cireumstance, merely directing the jury back to the elements instruction is, in my view, insufficient and therefore erroneous. The potential harm of allowing.a juror to convict on a demonstrably flawed legal theory so outweighs the burden on court and counsel of giving a brief supplemental instruction that I would require the instruction. 'That is, as I *873 understand it, the principle informing the supreme court's opinion in Couch,
42 For reasons explained in the majority opinion, I agree that the error here infected both convictions.